WILLIAMSON V. BROOKS, CLAIMANT OF THE ROBERT MORRIS.

1. The intervention of a claimant of a vessel libelled, and his entering into stip-
   ulation to pay and satisfy the decree, will render it unnecessary to make
   monition, so far as the claimant is concerned; and the libel will not be dis-
   missed for the failure to do so, although the order of seizure, directs moni-
   tion to be made generally.

THIS was a proceeding under the statute, in the county
court of Sumter, in the nature of a libel in admiralty.

The libel alleged that the libellant caused to be shipped on
the steam-boat Robert Morris, at the city of Mobile, sundry
articles of merchandize, particularly described, consigned to
himself at Gainesville, in the county of Sumter: that the mer-
chandize was never delivered to the libellant, according to the
terms of the bill of lading, or in any other manner. The Judge
of the County court, to whom the libel was addressed, with a
prayer, for that purpose, indorsed thereon his *fiat* in the fol-
lowing words:

" To the clerk of the County Court of Sumter county. Let
a warrant of seizure issue against the within named boat, Rob-
ert Morris, commanding any sheriff of the State of Alabama, to
seize and take into his possession, the said boat, her tackle, ap-
parel and furniture, and the same in his possession, safely to
keep, so as to be subject to the future decree of the court; but
subject nevertheless, in the meantime, to be replevied out of his
hands, upon bond or stipulation, with security being entered
into in due form of law; and united with said warrant, let
there be a clause, commanding that due monition be given to
all persons whom it may concern, by attaching a copy of said
process upon some conspicuous part of the boat, to be and ap-
pear at the next term of the County Court of Sumter county,
to shew cause, if any they have or can, why the said boat should
not be condemned, the said libel sustained, and the prayer of
relief granted."

The warrant of seizure was issued and executed by the
sheriff, taking into his possession the boat with her tackle, &c.;
which was claimed by Alphonso Brooks, the master, who en-

tered into a stipulation upon replevying the boat, conditioned; that "if said Brooks, the claimant of said boat, shall pay such judgment as shall be recovered and rendered on said libel, then this bond to be void, otherwise, in full force."

The cause being called for trial, the same was dismissed on motion, because it did not appear by the sheriff's return, that monition had been made as directed by the writ of seizure. From which decree, the libellant appealed to this Court.

REAVIS, for the plaintiff in error.
MURPHY & JONES, for the defendant.

COLLIER, C. J.—The monition required by the *fiat* of the Judge, was general, and addressed to all the world, so that all persons who were interested in resisting the lien upon the boat set up by the libel, might be advised of its pendency. Its object was not to protect the claimant and his co-stipulator from personal liability to the libellant's demand, but to prevent the boat from being subjected to its satisfaction, in despite of the paramount liens of others. (Dunlap's Ad. Prac. 133.) Now the lien of the libellant was discharged as soon as the claimant intervened and entered into the stipulation. (See 4th sec. of Act of 1824, Aikin's Digest, 390. Richardson, *et. al.* v. Cleaveland & Huggins, 5 Porter's Rep. 268; Livingston, *et. al.* v. steam-boat Tallapoosa, 9 Porter's Rep. 116.) This being the case, there was no conflicting lien in controversy; no person was to be benefitted or prejudiced by making monition, as directed by the order of seizure. The Judge, had he thought proper, could have made his order conditional, directing monition to be made, only in the event, that no claimant intervened and entered into stipulation; and having made it absolute in its terms, that cannot be made indispensable, which otherwise would be wholly immaterial.

The purpose to be effected by monition being superseded by the stipulation, the County Court erred in dismissing the libel; consequently its decree is reversed, and the cause remanded.